Deaderioe, J.,
delivered the opinion of the Court.
Plaintiff’s intestate had. entered into a verbal contract with Lewis and Houston Jones, two colored *400 men, by which they were to crop with him the year 1867. The agreement was that Houston and Lewis were each to have one half of the crop made by them, respectively, and that intestate was to furnish land, horses, and farming utensils, and to have the other half. It was further agreed that intestate was to furnish to each Lewis and Houston his necessary family supplies while the crop was being made, and to have a lien for the supplies thus furnished upon the share of the crop of the party to whom such supplies should be furnished.
Hnder this arrangement Lewis and Houston each made about four thousand five hundred pounds of cotton in the seed, and obtained family supplies of intestate to an amount not ascertained by any proof in the record.
The defendant, as deputy sheriff, had two executions in his hands in favor of Turpin, one against Lewis and one against Houston, and on 80th November, 1867, levied upon the share of Lewis in about four thousand five hundred pounds of cotton, being one-half thereof, and also levied on the share of Houston, amounting to about the same.
Intestate had his own cotton in one pen; and that made by Houston, in which he was a joint owner with him, was in another pen, and that made by Lewis was in a third pen.
The cotton was not removed by the deputy sheriff after his levy upon it, but was replevied *401 by intestate, Dec. 2, 1867, upon a writ issued by a Justice of tbe Peace, and' put in bis possession. Tbe Justice gave judgment against tbe plaintiff upon tbe trial, from wbicb be appealed to tbe Circuit Court.
"While tbe suit was pending in tbe Circuit Court, Sumner Hughes, tbe original plaintiff, died, and tbe cause was regularly revived in tbe name of Serena Hughes, bis administratrix. ‘
Judgment was again rendered against plaintiff, from wbicb she appealed to this Court.
Tbe first alleged error for wbicb plaintiff insists tbe judgment ought to be reversed, is, that tbe court suggested to defendant’s counsel, after tbe testimony in tbe case was closed, that be should produce tbe executions in favor of Turpin and against Lewis Jones and Houston Jones.
We are of opinion that even if such announcement by tbe court could be considered erroneous, under certain circumstances, in this case tbe production of tbe executions was wholly unnecessary.
Tbe plaintiff herself bad introduced the defendant as her first witness, and proved by him that as deputy sheriff be bad levied tbe two executions in favor of J. H. Turpin, on Nov. 80, 1867, upon tbe cotton in controversy, as tbe property of Lewis and Houston Jones, describing tbe places in wbicb be found tbe cotton, and tbe interest of tbe said Lewis and Houston in tbe same.
This testimony was not objected to by defend *402 ant, and was brought out by plaintiff, and was sufficient evidence of the fact of the levy.
A pai’ty who, by bis examination, elicits illegal or incompetent testimony, cannot afterwards insist upon its withdrawal, nor that^ the fact wbicb such testimony tends to establish should be proved by the best evidence: 4 Hum., 22.
Especially will this be so, as the fact of the levy. of the execution on the cotton was not the controverted point below.
Indeed it was the levy by the defendant as an officer, which constituted the wrongful dispossession, on account of which this action was brought.
The plaintiff relies upon the supposed lien agreed upon at the time of the making of the contract.
- As landlord, no lien attached, because the plaintiff’s share of the crop upon the contract is not in controversy. The claim is, that a parol lien was given by Lewis and Houston on their respective shares, to secure the payment of such family supplies as should be furnished ' them during the time .they were engaged in making the crop.
¥e are of opinion that Hughes had no such lien,. It was not given by statute, nor is there any writing between- the parties creating it, nor had plaintiff’s intestate any title to or possession of the shares of Lewis and Houston in the cotton levied on, such as to entitle him to maintain an action of replevin.
There was no error in the refusal of the court *403 to charge the propositions ' submitted by plaintiff, and the charge as given is substantially correct.[1]
The judgment of the Circuit Court will be affirmed.

 These propositions related to the levy and execution, and need not be stated. — Rep.